Cordova v. Hurley et al 















IN THE
TENTH COURT OF APPEALS
 

NO. 10-91-234-CV

Â Â Â Â Â Â Â Â PETE CORDOVA,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â CATHY HURLEY, ET AL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

 From the 52nd District Court
Coryell County, Texas
Trial Court # 26,341
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â This is an appeal from an order of dismissal signed on November 20, 1991. The transcript
was filed in this court on December 11, 1991. See Tex. R. App. P. 54(a). Appellant's brief was
due January 10, 1992. Appellant has not filed a brief.
Â Â Â Â Â Â Â Â Â Â The appeal is dismissed for want of prosecution. Tex. R. App. P. 74(l)(1).

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Dismissed
Opinion delivered and filed March 4, 1992
Do not publish



.Corpus Christi 1989, writ denied). Â The plaintiff has the burden to
allege facts affirmatively demonstrating that the trial court has
subject-matter jurisdiction. Â Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).

We review a ruling on a plea to the jurisdiction
de novo.Â  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).Â  If the pleadings alone are determinative of the issue, then in our review we
rely on them alone, construing them in the plaintiff's favor.Â  Tex. Ass'n of Business, 852 S.W.2d at 446; Jansen v. Fitzpatrick, 14
S.W.3d 426, 431 (Tex. App.ÂHouston [1st Dist.] 2000, no pet.).Â  However, the
trial court may hear evidence if necessary to determine the jurisdictional
facts; in that event, we also review the evidence.Â  Bland Indep. School
Dist. v. Blue, 34 S.W.3d 547, 554-56 (Tex. 2000); Jansen, 14 S.W.3d
at 431.

Analysis

The Joyners alleged in their pleadings that
DeFriend committed civil conspiracy and fraud.Â  The Joyners base these claims
on a violation of Rule 4.01 of the Texas Disciplinary Rules of Professional
Conduct. Â For the reasons stated below, we conclude that the Joyners cannot
assert a violation of Rule 4.01 as a basis for liability of their fraud and
civil conspiracy claims.Â  The Texas Disciplinary Rules expressly state that a
violation of the Code of Professional Responsibility does not give rise to a
private cause of action. Â See Tex.
Disciplinary R. Prof'l Conduct 1.05 Â¶ preamble 15; Judwin Properties,
Inc. v. Griggs & Harrison, P.C., 981 S.W.2d 868, 869-70 (Tex. App.ÂHouston
[1st Dist.] 1998), pet. denied, 11 S.W.3d 188, 43 Tex. Sup. Ct. J. 289 (Tex. 2000).Â  Thus, the State Bar Rules are not enforceable through the JoynersÂ fraud and
civil conspiracy claims.Â  See Judwin, 981 S.W.2d at 870.

The Joyners also assert that several penal code
criminal charges should have been brought against DeFriend, including tampering
with physical evidence and tampering with a witness.Â  However, Texas does not recognize private causes of action for penal code violations.Â  See Trevino
v. Ortega, 969 S.W.2d 950, 953 (Tex. 1998); see also Spurlock v.
Johnson, 94 S.W.3d 655, 658 (Tex. App.ÂSan Antonio 2002, no pet.)
("the Texas Penal Code does not create private causes of action"); Long
v. Tanner, 170 S.W.3d 752, 755 (Tex. App.ÂWaco 2005, pet. denied) (same).

Because the Joyners cannot recover for violations
of the penal code and the State Bar disciplinary rules, we hold as a matter of
law that the Joyners have not alleged arguable claims over which the trial
court had jurisdiction. Â Therefore, dismissal was proper.Â  See Burke
Ctr. for MHMR v. Carr, No. 09-04-00138-CV 2004 Tex. App. LEXIS 11499 at *11
(Tex. App.ÂBeaumont Dec. 22, 2004, pet. denied) (mem. op.) (per curiam).Â  We
overrule the JoynerÂs sole issue and affirm the judgment of the trial court.

Â 

Â 

BILL VANCE

Justice

Â 

Â 

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Reyna

Â Â Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray dissents.Â  A separate opinion will not issue but he provides the
following note.)*

Affirmed 

Opinion delivered and
filed April 2, 2008

[CV06]

Â 

Â Â Â Â Â Â Â Â Â Â Â  *ÂWe know that DeFriend, regardless of the capacity
in which he was sued, cannot be liable for a civil conspiracy to commit
negligence.Â  Tri v. J.T.T., 162 S.W.3d 556, 557 (Tex. 2005).Â 
But before I would hold that the Joyners are unable to establish jurisdiction
over DeFriend in a suit clearly brought against him in his individual capacity
rather than as a representative of the State or County, I believe that at the
very least, the Joyners have the right to file an amended pleading in an effort
to amend their petition to clarify the nature of the claim against DeFriend and
the facts upon which it is based.Â  Texas A & M University System v.
Koseoglu, 233 S.W.3d 835, 840(Tex. 2007) (ÂAs is the case with special
exceptions, a pleader must be given an opportunity to amend in response to a
plea to the jurisdiction only if it is possible to cure the pleading
defect.Â  [Citing Baylor Univ. v. Sonnichsen, 221 S.W.3d 632, 635
(Tex.2007) ( "Generally, when the trial court sustains special exceptions,
it must give the pleader an opportunity to amend the pleading, unless the
pleading defect is of a type that amendment cannot cure.")Â].Â  

Â 

The
majorityÂs error is, I believe, that they construe the petition as alleging a
claim against DeFriend for his failure to prosecute various alleged criminal
actions and for alleged violations of various ethical obligations.Â  This
construction of the petition is unduly narrow.Â  Based on the structure of
the petition as well as the nature of the general allegations regarding
DeFriendÂs alleged participation in the civil conspiracy to commit fraud, I
read these allegations, as well as the allegations regarding alleged actions to
assist the Jones in the defense of the claims being made against them, as
background information in the nature of allegations of facts--notice pleadings--in
support of the claim that is alleged, conspiracy to commit fraud.Â  I do
not believe that a fair reading of the pleadings is that the Joyners are making
a claim that they are entitled to a recovery solely because DeFriend allegedly
failed to prosecute various crimes or allegedly violated his ethical
obligations.Â  This is not a no-evidence motion for summary judgment.Â 
While a claim of conspiracy to commit fraud may be difficult to prove, it is
certainly a claim that is alleged and over which the trial court has
jurisdiction.Â